IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 5:21-cv-00393-D

| | |
|---|---|
| JONATHAN MAYBERRY, as Personal Representative of the Estate of CHRISTOPHER LEE MAYBERRY,<br><br>     Plaintiff,<br><br>v.<br><br>SHERIFF CALVIN WOODARD, JR., CAPTAIN MARC CONNOR, OFFICER DARIUS ELLIS, OFFICER JOHN DAVID BISSETTE, JR., CORPORAL TERRY TERRELL BLANCHARD, OFFICER JOSE A. MARTINEZ, OFFICER JOHNNY LONG, all in their Official and Individual Capacities, WILSON COUNTY, HARTFORD FIRE INSURANCE COMPANY,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)  **CONSENT PROTECTIVE ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

    Certain confidential documents, material, and information (hereinafter, "Confidential Information") in the possession, custody or control of the District Attorney's Office, 8th Prosecutorial District, and/or State Bureau of Investigation ("DA and/or SBI") are necessary for the parties to this action to obtain in order to prepare for litigation. In an effort to protect the confidentiality of this material, the DA and/or SBI requires the entry of an order to release the Confidential Information and to ensure that the Confidential Information is not disclosed or used for any purpose except in connection with this litigation. In the interests of justice and to further the legitimate causes of this litigation, the DA and/or SBI agrees to disclose the Confidential Information in its custody and possession to Counsel for the Requesting Party, subject to the conditions set forth herein and adopted by the Court. Accordingly, upon the agreement of Counsel for the Requesting Party and counsel of record, it is hereby ORDERED that:

1

1.   **Scope of the Order.** This Order requires the DA and/or SBI to disclose the following information:

**The complete SBI Investigation file, including any photographs, videos, diagrams, reports, interview statements obtained, reports and files from other agencies regarding any investigations, concerning the death of Christopher Mayberry at the Wilson County Detention Center on September 23, 2019.**

If custodial law enforcement recordings, as defined by N.C.G.S. §132-1.4A, are maintained by the DA and/or SBI in this case, the release of these recordings must comply with N.C.G.S. §132-1.4A(g).

All of the documents and information provided pursuant to this Order constitutes Confidential Information. This Order governs the handling and disclosure of all documents, materials and information identified, produced, given, exchanged, obtained, or filed herein and which are designated in this Order as Confidential Information or are subsequently designated by the State as Confidential Information and provided to the Requesting Party.

2.   **Agreement on Use of Confidential Information.** All Confidential Information, as defined and designated in accordance with this Order, shall be used solely in the litigation of this action including, but not limited to, mediation, other alternative dispute resolution processes, any other settlement process, and all other pre-trial, trial and post-trial proceedings in this action and shall not be used or disclosed by any person for any other purpose.

3.   **"Disclosure."** When used in this Order, the term "Disclosure" shall mean to provide, impart, transmit, transfer, convey, publish, or otherwise make available.

2

4. **"Confidential Information."** For the purposes of this Order and during the course of this litigation, the parties to this Order identify "Confidential Information" and define it as follows:

    a.     "Confidential Information" means:

        (1)     Documents, materials, or information designated as Confidential Information in this Order or in any Order subsequently entered in this action;

        (2)     Documents, materials, or information that is not a public record under G.S. Chapter 132;

        (3)     Documents, materials, or information that is not a public record under G.S. Chapter 126; and

        (4)     Other documents, materials, or information which are potentially embarrassing or invasive of the privacy of a person not a party to this litigation and therefore an appropriate subject of a Consent Order.

5.     **Disclosure of Confidential Information.** Confidential Information shall not be disclosed to anyone except:

    a.     The court and it's personnel as well as mediators and their personnel;

    b.     The parties to this action as required by law and pursuant to the terms of this Order, including insurance representatives;

    c.     Counsel for the parties in this action, and counsel's employees and/or vendors;

3

d. Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action, but only after execution of a Confidentiality Agreement as provided in Paragraph 6;

e. Court reporters or videographers engaged to record depositions, hearings or the trial of this action; and

f. Witnesses at any deposition in this matter as well as witnesses or jurors at the trial of this matter.

6. **Confidentiality Agreements.** Before Confidential Information is disclosed to any vendor as well as any person described in Paragraphs 5(b), and 5(d) of this Order, Counsel or the party making the disclosure, shall inform the person to whom the disclosure is to be made that Confidential Information shall be used only for the purpose of the prosecution or defense of this action, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached as Exhibit A. Counsel or the party making the disclosure, shall maintain the original Confidentiality Agreement and need not produce it except by request of the DA and/or SBI or upon order of the Court.

7. **Designation of Confidential Information.** Information shall be designated as Confidential Information in the following manner:

a. In the case of information reduced to paper form, the designation shall be made (1) by placing the appropriate legend, "CONFIDENTIAL - SUBJECT TO CONSENT ORDER" for General Confidential Information on each page containing such information or (2) by such other means as agreed to by the SHP and Counsel for the Requesting Party. The DA and/or SBI shall

4

designate the documents as confidential at or before the time of the disclosure.

b. Information on a computer disk, data tape, or other medium that has not been reduced to paper form shall be designated as General Confidential Information (1) by informing counsel for the receiving party in writing that the computer disk, data tape, or other medium contains such Confidential Information or (2) by such other means as agreed to by the parties to this Consent Order. To the extent practicable, such physical medium shall be labeled using the appropriate legend. Any party receiving Confidential Information designated under this Paragraph shall then be responsible for appropriately labeling any printed version(s) of such information that it creates.

c. Any other information that is not reduced to physical form or cannot be conveniently labeled shall be designated as Confidential Information by serving a written notification of such designation on Counsel for the Requesting Party.

8. **Disputes over Designations.** If Counsel for the Requesting Party objects to the designation of any information as confidential, then the DA and/or SBI and Counsel for the Requesting Party shall attempt to resolve the disagreement on an informal basis. If the objection is not so resolved, the objecting counsel may move the court for appropriate relief. The information in question shall continue to be treated as Confidential Information in accordance with the disputed designation unless and until the court issues a final ruling that the information does not qualify for such a designation. The non-filing by the

5

objecting party of a motion for relief shall not be deemed an admission that the information qualifies for the disputed designation.

9. **Inadvertent Disclosure of Confidential Information.** Inadvertent disclosure of Confidential Information, without identifying the same as confidential, shall not be deemed a waiver of confidentiality with regard to the information inadvertently disclosed if promptly called to the attention of counsel for the receiving party.

10. **Return of Confidential Information.** Following the conclusion of this action, including any appeals, Counsel for the Requesting Party, shall request that any Confidential Information provided to any vendors as well as any person described in Paragraphs 5(b), and 5(d) of this Order either be returned or shredded. Counsel for the Requesting Party shall destroy any Confidential Information provided by the DA and/or SBI in accordance with the Rules of Professional Conduct of the North Carolina State Bar. If any vendor of the Requesting Party, any person identified in Paragraphs 5(b), and 5(d) of this Order, or Counsel for the Requesting Party elects to destroy the Confidential Information itself rather than return it to the DA and/or SBI, the Counsel for the Requesting Party shall provide to the DA and/or SBI a signed certification that the Confidential Information has been destroyed. Any Confidential Information, or portions or excerpts thereof, which are not returned or destroyed pursuant to this paragraph shall remain subject to the terms of this Order.

11. **Admissibility of Information.** Neither the terms of this Order nor the disclosure or designation as confidential of any information pursuant to it shall be deemed to establish or vitiate the admissibility under applicable Rules of Evidence of any information subject to this Order.

6

12.     **Filing Sealed and Other Restricted Documents in CM/ECF.** Except for motions filed under seal in accordance with Section V.G.1.(f), each time a party seeks to file under seal, the party must accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

(i)     The exact document or item, or portions thereof, for which the filing under seal is requested;

(ii)    How such request to seal overcomes the common law or the First Amendment presumption to access;

(iii)   The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

(iv)    The reasons why alternatives to sealing are inadequate; and

(v)     Whether there is consent to the motion.

In addition to the motion and supporting memorandum, the filing party must set out findings supporting these specifications in a proposed order to seal.

13.     **Modification**. This Order is without prejudice of the right of the State of North Carolina and/or the parties to this action to seek modification or amendment of the Order by motion to the court, or to seek and obtain additional protection with respect to Confidential Information as such party may consider appropriate.

7

BASED UPON the foregoing, it is therefore FURTHER ORDERED that all counsel whose signatures appear below will observe the requirements of this Order as to Confidential Information produced by the DA and/or SBI as required by this Order.

This _12_ day of _July_, 2022.

WE CONSENT:

Robert B. Jones, Jr.
United States Magistrate Judge

By: ___/s/ Karonnie R. Truzy___  Date: _____
*Karonnie R. Truzy*
*Co-Counsel for Plaintiff*

By: ___/s/ Christopher Mills___  Date: _____
*Christopher Mills*
*Co-Counsel for Plaintiff*

By: ___/s/ Bradley O. Wood___  Date: _____
*Bradley O. Wood*
*Counsel for Defendants*

**EXHIBIT A**

**UNDERTAKING TO BE BOUND**

I, _____, declare as follows:

8

I have received and read a copy of the Protective Order dated _____, 2022 filed in the United States District Court, Eastern District, Case number 5:21-CV-393-D and I understand the terms of the Protective Order. I agree that I:

(1) will comply with and be bound by its provisions with respect to any information provided to me under the terms of this Protective Order;

(2) will not reveal any information provided to me under the terms of this Protective Order to anyone other such persons designated in paragraph 5 of this Order; and

(3) will utilize such confidential information solely for purposes of this litigation.

I further understand that if I fail to comply with the terms of the Protective Order, I may be subject to sanctions by the Court, including contempt proceedings, and I consent to the jurisdiction of the above-referenced Court for such purpose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct this the _____ day of _____, 2022.

_____
Signature

_____
Printed Name

_____
Address

_____
Address

_____
Position

9